UNITED STATES COURT OF APPEALS

**Filed 1/10/97**

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

LESLIE FAMILY FARM TRUST;
JIMMIE LEE LESLIE, as trustee and
beneficiary,

        Defendants-Appellants,

      and

TIFFANY L. LESLIE, as contingent
trustee; MERLE MAXIE LESLIE, as
beneficiary; RUBY H. LESLIE;
ALFALFA COUNTY BOARD OF
COUNTY COMMISSIONERS;
ALFALFA COUNTY TREASURER;
TEXAS COUNTY BOARD OF
COUNTY COMMISSIONERS,

        Defendants.

No. 96-6157
(D.C. No. CV-95-1679-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendants Leslie Family Farm Trust and Jimmie Lee Leslie appeal the district court's grant of summary judgment in favor of the United States in this foreclosure action. Because defendants have not demonstrated the existence of a genuine issue of material fact, and because the United States is entitled to judgment as a matter of law, we affirm.

The undisputed evidence shows the following facts. In 1978, Merle Leslie took out three emergency loans, in the amounts of $317,120, $12,170 and $7,710 respectively. Appellant's App. at 33. Merle Leslie made payments on these loans for the first five years, but then defaulted on all three loans in 1983. Id. at 88, 95. In 1988, he requested primary loan servicing. In February 1989, the Farmers Home Administration (FmHA) rejected the restructuring application, based on Merle Leslie's inability to develop a feasible plan of operation. Id. at 63, 89. Thereafter, the FmHA, Merle Leslie, and his creditors, entered into mediation to attempt to adjust Leslie's debts so that he could develop a feasible plan. The mediation case was closed in January 1991, however, upon Merle Leslie's representation that he no longer wished to participate. Id. at 90.

In May 1993, the FmHA demanded from Liberty National Bank and Trust Co. (Liberty) all amounts deposited by Merle Leslie in a specific account, as authorized by the Deposit Agreement. See id. at 73, 77. The amount of $114,116.77 was paid to the FmHA, and Merle Leslie's loan balances were reduced by that amount. Id. at 92-94. Merle Leslie died subsequently.

In April 1994, the FmHA sent a notice of its intent to accelerate the loan, informing the Leslie heirs that Merle Leslie's estate was not eligible for debt restructuring because the individuals who were liable on the debt were deceased and because primary loan servicing was not available to estates. Id. at 40-41. The decision was determined to be nonappealable because none of Merle Leslie's heirs had applied to assume his loan. Id. at 47-50. In October 1994, letters were sent to the heirs outlining their options regarding the FmHA loan, and in January 1995, Jimmie Lee Leslie requested transfer and assumption of the loan. Id. at 54-55, 72. No evidence was submitted, however, to show that he could meet the conditions required by 7 C.F.R. § 1962.46(g).

In October 1995, the United States instituted this action, seeking judgment on the debt and foreclosure of its mortgage lien. The district court granted summary judgment in favor of the United States, and this appeal followed.

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Universal Money Ctrs., Inc. v.

American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

Defendants argue that there are genuine issues of fact whether Merle Leslie was in default at the time of his death; whether certain payments were made but not recorded; whether the full amount seized from the Liberty bank account was credited to Merle Leslie's account; whether the seizure of the Liberty funds was unconstitutional; and whether the FmHA failed to follow its own regulations in processing both Merle Leslie's application for loan servicing and Jimmie Lee Leslie's request to assume the loan. Aside from conclusory statements in their briefs, however, defendants have submitted no evidence to demonstrate the existence of such factual disputes.

The uncontradicted evidence shows that the FmHA loans have been in default since 1983; that Merle Leslie's account was credited with all installments paid and with the amounts seized from the Liberty account; that Merle Leslie consented to payment of the Liberty account to the FmHA upon demand; that the time requirements of 7 C.F.R. § 908(c) did not apply because Merle Leslie's

-4-

account was not current; that Merle Leslie's application for restructuring was denied in 1989 due to his inability to submit a feasible plan; and that Jimmie Lee Leslie was offered the opportunity to apply for assumption but did not submit evidence that he could meet the conditions for assumption, see 7 C.F.R. § 1962.46(g). The United States, therefore, was entitled to summary judgment as a matter of law.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge